FILED

2004 FEB 13  A 10: 36

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD STILLER, | : | CIVIL ACTION NO.: |
| | : | CV 3:02 CV 10 (SRU) |
| Plaintiff, | : | |
| -against- | : | |
| LOUIS J. COLANGELO and MINTZ & COLANGELO, | : | |
| Defendants. | : | FEBRUARY 12, 2004 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND MEMORANDUM IN SUPPORT THEREOF**

The plaintiff Richard Stiller ("Stiller"), pursuant to Federal Rule of Civil Procedure 15(a) and by counsel, hereby moves for leave to file his proposed First Amended Complaint. A clean version and a black-lined version of the proposed Amended Complaint are annexed hereto for the convenience of the Court as Exhibits A and B respectively. In support of the motion, Plaintiff states as follows:

1. In this action, initiated by Complaint dated January 2, 2002, Stiller claims damages arising from Defendants' legal malpractice in connection with their representation of Stiller in the sale of his bowling center in Norwalk to AMF Bowling, Inc. ("AMF").

**ORAL ARGUMENT REQUESTED**

STAM1-751854-1

2.  Stiller alleges that Defendants never took the necessary steps to perfect the security interest AMF granted to Stiller to secure deferred payments AMF was required to make to Stiller pursuant to a non-compete provision in the sale agreement. The Defendants failed to file said interest on the Norwalk Land Records. AMF filed bankruptcy in July 2001, at which time AMF still owed more than $300,000.00 in respect of the non-compete provision. The bankruptcy court specifically found that Stiller was an unsecured creditor because his security interest had never been perfected. As a result, Stiller received a paltry recovery in the bankruptcy court.

3.  Defendants originally answered the Complaint on March 1, 2002. Defendants conceded that they never perfected Stiller's security interest. In their defense, Colangelo has concocted an absurd claim that Stiller expressly agreed with AMF at the time of the sale that he would not perfect his security interest. Of course, no such agreement is contained anywhere in the detailed written documents memorializing the sale, which documents expressly acknowledge that they represent the entire agreement of the parties and supercede any prior or contemporaneous oral understandings or agreements. Moreover, Colangelo's false claim has been flatly contradicted by the sworn deposition testimony of both Mr. Stiller and Alvaro Garcia-Tunon, AMF's lead negotiator in the sale.

4.    On November 15, 2002, Defendants moved for leave to amend their affirmative defenses to add a defense that Stiller's claims were barred by the relevant statutes of limitations. Stiller did not object to Defendants' motion, and the Court granted Defendants leave to amend.

5.    Defendants later moved for summary judgment on their statute of limitations defense. Stiller opposed the motion and cross-moved for summary judgment on the issue of Defendants' liability. The cross-motions are currently pending before the Court.

6.    The proposed Amended Complaint asserts two additional causes of action based on the facts already of record: breach of the implied covenant of good faith and fair dealing; and a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110g ("CUTPA"). Both claims are based on Defendants' continued assertion of their frivolous and fraudulent defense that Stiller agreed with AMF not to perfect his security interest. Defendants have asserted this defense in bad faith in order to protect their own professional and proprietary self interests.

7.    With respect to the implied covenant claim, Defendants' continued assertion of this fraudulent defense is in bad faith. It has deprived Stiller of some of the benefits of his contract with Defendants for the provision of legal services, including the

3

right to honest representation and treatment of claims, as well as the proceeds of Defendants' malpractice insurance in the event Defendants committed malpractice. Thus, Defendants have breached the implied covenant of good faith and fair dealing. See PSE Consulting, Inc. v. Frank Mercede & Sons, Inc., 267 Conn. 279, 318 (2004) (party breaches the implied covenant of good faith and fair dealing when it acts in bad faith and in its own self-interest so as to deprive the other party of its benefits under the contract).

      8.    Furthermore, Defendants' continued assertion of a fraudulent and frivolous defense and Colangelo's false testimony in furtherance of Defendants' own professional and proprietary self-interests constitutes an unfair business practice. Thus, Stiller has a valid CUTPA claim against Defendants. See Desarbo & Reichert, P.C. v. Cardow, 1996 Conn. Super. LEXIS 3227 (Conn. Super. Ct., J.D. of New Haven, Dec. 5, 1996) (Hodgson, J.) (a copy of which is annexed hereto as Exhibit C) (permitting CUTPA counterclaim against a law firm based on misstatements it made in a fee collection action against a former client).

      9.    The consequence of Defendants' fraudulent and frivolous defense and Colangelo's false testimony has been to needlessly prolong this litigation and increase Stiller's damages. For example, the Court indicated, at the December 10, 2003 hearing on the cross-motions for summary judgment, that the assertion of Defendants' defense

that Stiller agreed not to perfect his security interest likely creates a fact issue necessitating a trial.

10.    In light of the foregoing, the Court should grant Stiller leave to file his First Amended Complaint. The amendment will not unduly prejudice Defendants because the trial of this action has not yet been scheduled. Moreover, Colangelo, Stiller and Alvaro Garcia-Tunon have already given extensive testimony at their respective depositions regarding Colangelo's claim of a side agreement not to perfect. The amendment simply conforms to the evidence and asserts two additional causes of action based on the same set of facts. Indeed, the only new fact the proposed claims add to the case is Stiller's increased damages (in terms of legal fees and costs), which Defendants can easily determine by way of written interrogatories.

11.    Stiller has contacted Defendants' counsel in a good faith effort to obtain their consent for leave to amend, but Defendants have objected, in part based on the incorrect premise that Stiller had objected to their earlier request to amend. For ease of reference, a copy of the Docket Sheet print out demonstrating that Stiller did not object to Defendants' earlier request for leave to amend is annexed hereto as Exhibit D.

12.    Pursuant to Federal Rule of Civil Procedure 15 (a), leave to amend a complaint is to be granted liberally. See, e.g., Wells v. Harris, 185 F.R.D. 128, 131-132

(D. Conn. 1999) (noting this was not a "rare" case where leave to amend should be denied because there was no undue delay or dilatory motive on plaintiff's part).  A grant of plaintiff's motion will not cause any undue delay or prejudice to the defendants that could possibly warrant the Court to consider denying leave.

6

## CONCLUSION

WHEREFORE, Stiller respectfully requests that the Court grant him leave to file his proposed First Amended Complaint, which is annexed hereto as Exhibit A.

PLAINTIFF
RICHARD STILLER

By: _____
Brian E. Moran, Esq. (CT 05058)
Christopher J. Major, Esq. (CT 23461)
**ROBINSON & COLE LLP**
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305
(203) 462-7500
bmoran@rc.com
cmajor@rc.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by U.S. Mail Delivery, postage-prepaid, to Thomas P. O'Dea, Jr. of Halloran & Sage LLP, 315 Post Road West, Westport, CT 06880 this 12th day of February, 2004.

_____
Christopher J. Major