UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD STILLER | : | CIVIL ACTION |
| | | NO. 3:02 CV 10 (SRU) |
| V. | : | |
| LOUIS J. COLANGELO and | | |
| MINTZ & COLANGELO | : | MARCH 3, 2004 |

**OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 7, the defendants hereby object to the plaintiff's Request for Leave to File Amended Complaint and Memorandum in Support Thereof dated February 12, 2004. For the following reasons, the plaintiff's request should be denied.

**I.    BACKGROUND**

This case involves a dispute between the parties as to the services to be performed by the defendant law firm in a transaction involving the sale of a bowling center. The plaintiff claims that he was to be a secured party under the terms of that transaction and now he has been damaged because AMF Bowling, Inc. ("AMF") filed for bankruptcy protection. Attorney Colangelo argues that the plaintiff agreed to waive the recording of documents on the land records thereby deeming him an unsecured party. As a result of a decision by the United States Bankruptcy Court for the Eastern District of Virginia, the plaintiff was deemed an unsecured party as to the debt owed to him by AMF.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

In an effort to recover the monies he was not paid by AMF with whom he contracted, the plaintiff initiated the instant lawsuit against the defendants. In his original complaint, the plaintiff asserted claims of professional negligence, breach of a fiduciary duty, and breach of contract. Now after discovery has been completed and the parties have filed motions for summary judgment, the plaintiff seeks to amend his complaint to assert claims of a breach of the implied covenant of good faith and fair dealing and a violation of the Connecticut Unfair Trade Practices Act.

## II.    ARGUMENT

### A.    The Plaintiff's Proposed Amendment Should Be Denied Because The Defendants Will Be Unduly Prejudiced.

The grant of an opportunity to amend is within the discretion of the trial court. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). It is true that amendments are freely given under Federal Rule of Civil Procedure 15(a). However, the court must examine the circumstances surrounding the request for leave to amend in determining whether to grant leave. "Considerations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's authority to deny leave to amend." Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998) (citing Barrows v. Forest Laboratories, 742 F.2d 54, 58 (2d Cir. 1984)). The degree to which the amendment would delay the final disposition of the action is one of the more important considerations to evaluate. Krumme, 143 F.3d at 88 (citing H.L. Hayden Co. v. Siemens Medical Systems, 112 F.R.D. 417, 419 (S.D.N.Y. 1986)). "A proposed amendment… [is] especially prejudicial… [when] discovery had already been completed

2

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

and [the non-movant] had already filed a motion for summary judgment." Krumme, 143 F.3d at 88 (citing Ansam Assocaites v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)); O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 70 (2d Cir. 2002).

In this case, the defendants would be severely prejudiced if the amendment is allowed. Just like in Ansam, fact discovery has been completed and the defendants have already filed a Motion for Summary Judgment. Now, the plaintiff seeks to amend his complaint to advance new claims based upon additional facts and premised under new legal theories. Allowing the amendment would necessitate the reopening of discovery because, contrary to the plaintiff's assertion, the defendants will be forced to investigate the additional elements alleged in the plaintiff's proposed amended complaint and the factual basis for the additional claims made by the plaintiff. This is particularly true in this case as the proposed additional claims include conclusions absent a factual basis. For example the plaintiff alleges that the defendants have asserted a defense to avoid an increase in malpractice premiums but offers no facts to support this assertion. The additional claims sought to be asserted by the plaintiff are based on supposition and belief of the plaintiff. The defendants will need to conduct discovery on these issues, including a re-opening of the plaintiff's deposition.

Additionally, the defendants will undoubtedly move for summary judgment on the additional claims. This will clearly necessitate the re-opening of discovery, as mentioned above, a new scheduling order, and the resulting time to compile and submit memoranda, oppositions, and a reply brief. As this has already been done on the

315 Post Road West
Westport, CT 06880

3

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

claims in the complaint, the additional time and expense will clearly prejudice the defendants.

Moreover, the resolution of this case will clearly be delayed. Although a trial date has not been set[1], any trial date will certainly need to be delayed because of the reopening of discovery and dispositive motion practice. This is unnecessary delay for a case that has been pending for nearly two years.

Finally, the plaintiff's delay in seeking the amendment is significant in this case. The plaintiff alleges that the defense asserted by the defendants is in bad faith because it is contradicted by his own testimony, the testimony of Mr. Garcia-Tunon, and the transaction documents. Attorney Colangelo's deposition was conducted on December 12, 2002; the plaintiff's deposition was conducted on July 16, 2002; Mr. Garcia-Tunon's deposition was conducted on April 11, 2003; and the transaction documents were executed in 1989 and reviewed by counsel prior to the commencement of this lawsuit. Thus, the plaintiff has waited at least ten (10) months before seeking leave to amend and has also waited until after the parties have filed motions for summary judgment. Although generally a party's delay will not serve to provide cause for denying an amendment in and of itself the massive delay by the plaintiff in this case, the resulting delay of the resolution of this matter, and the resulting prejudice to the defendants warrants a denial of the plaintiff's requested leave to amend.

---

[1] A trial date is scheduled to be set after the Court issues its ruling on the parties' motions for summary judgment.

4

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

### B.     Breach of The Implied Covenant of Good Faith and Fair Dealing.

The plaintiff seeks leave to amend his complaint to include a breach of the implied covenant of good faith and fair dealing claim against the defendants.  Generally in Connecticut, "every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement."  (Internal quotation marks omitted.)  Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992).  However the plaintiff's allegations do not support such a claim and his motion to amend should be denied.

In his proposed amended complaint, the plaintiff avers that the defendants "assertion of their frivolous and fraudulent defense that Stiller agreed with AMF not to perfect his security interest" is asserted in "bad faith in order to protect their own professional and proprietary self interests."  (Plaintiff's motion, p. 3.)  The plaintiff then concludes that the "continued assertion of this fraudulent defense is in bad faith."  (Id.) The plaintiff presupposes that he has been deprived "some of the benefits of his contract with the Defendants for the provision of legal services, including the right to honest representation and treatment of claims, as well as the proceeds of Defendants' malpractice insurance."  (Id. at 3 – 4.)  In support of his conclusions that these allegations support a claim for the breach of the implied covenant of good faith and fair

5

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

dealing, the plaintiff cites <u>PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.</u>, 267 Conn. 279, 318 (2004)[2].

The plaintiff alleges that the defendants contracted with him to perform legal services concerning the "closing of the sale of the Bowling Center and the negotiation of the Covenant and in assuring the enforceability of the rights and remedies of [the plaintiff] in the event of a breach by AMF." (Proposed Amended Complaint, Fourth Cause of Action, ¶ 44.) This alleged contract is an oral agreement as there was no retainer agreement executed by the parties. Nevertheless, the plaintiff claims that the alleged "frivolous and specious defense" asserted by the defendants has somehow deprived the plaintiff of the benefits of his contract with the defendants. The plaintiff concludes that the defense is asserted in bad faith without any evidence to support this bad faith allegation[3]. Even assuming that the defendants' defense is somehow frivolous, the defense has not deprived the plaintiff of any of the benefits associated with the closing of the sale of the Bowling Center and the negotiation of the Covenant and in assuring the enforceability of the rights and remedies of the plaintiff in the event of a breach by AMF. In fact, as repeatedly alleged in his Complaint and throughout the course of this litigation, including his cross-motion for summary judgment, the plaintiff claims that the defendants failure to record certain documents on the land records in 1989 was the cause of his loss of the benefits of the closing of the sale of the Bowling

---

[2] This case is inapplicable factually because it involves a construction surety's handling of an indemnity obligation arising out of a construction bond.

[3] The plaintiff's unsupported conclusion for the bad faith allegation is contradictory evidence that in and of itself does not establish bad faith on the part of the defendants.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Center and the negotiation of the Covenant and in assuring the enforceability of the rights and remedies of the plaintiff in the event of a breach by AMF. Specifically, the plaintiff claims he lost the continued payments owed to him by AMF. The conduct or defenses asserted in this litigation have absolutely no causative effect with the plaintiff's alleged losses.

In a transparent and ill-fated attempt to proceed with wresting a settlement from the defendants, the plaintiff claims that he was denied the following alleged benefits from the contract as a result of the alleged bad faith defense of the defendants "(a) honest representation; (b) competent representation; and (c) in the event of a breach or negligence by the defendants, the ability to make a claim against the defendants' malpractice insurance policy and receive proceeds from same." (Proposed Amended Complaint, Fourth Cause of Action, ¶ 46.) The defense offered by the defendants in this litigation of course has no relation whatsoever to (a) or (b) above since the defendants no longer represent the plaintiff. Thus, the alleged bad faith in this litigation cannot support an allegation that the plaintiff was denied honest and competent representation because he is not represented by the defendants. The allegation concerning the malpractice insurance clearly demonstrates the ulterior motive for the plaintiff's filing of the motion for leave to amend as he simply wants to get money from the defendants' insurance policy now and is annoyed that he has not done so already. The defendants' malpractice insurance was not a part of the contract alleged by the plaintiff above and is certainly not a benefit to which the plaintiff would be entitled. In

7

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

fact, the defendants could have represented the plaintiff in the closing of the sale of the Bowling Center and the negotiation of the Covenant and in assuring the enforceability of the rights and remedies of the plaintiff in the event of a breach by AMF without retaining malpractice insurance. In the event of a breach of negligence by the defendants *that the plaintiff proves at trial* he may be entitled to recover damages from the defendants legally caused by that breach or negligence. Malpractice insurance is something that the defendants elected to obtain. It is not something that is a benefit to the plaintiff because of his engagement of the defendants. This is particularly true in this case where there is no written retainer agreement.

### C. Connecticut Unfair Trade Practices Act.

"No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). To properly state a claim under CUTPA, "the plaintiff must allege that the actions of the defendant were performed in the conduct of trade or commerce." Muniz v. Kravis, 59 Conn. App. 704, 711 (2000). For guidance as to what conduct is unfair under CUTPA, the Connecticut courts have adopted the criteria set forth in the Federal Trade Commission's cigarette rule.

However, CUTPA claims against practicing attorneys are a little trickier. "Violations predicated on negligence or malpractice, whether legal or medical, are not covered [by CUTPA] because those claims address only competence." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000).

8

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

> Although an attorney is not exempt from CUTPA... [the Supreme Court has] held that it is important not to interfere with the attorney's primary duty of robust representation of the interests of his or her client... This public policy consideration requires us to hold that CUTPA covers only the entrepreneurial or commercial aspects of the profession of law.  The noncommercial aspects of lawyering... should be excluded for public policy reasons.

(Citations omitted; internal quotation marks omitted.)  Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34-35 (1997).  "The entrepreneurial aspects of legal practice are those related to: how the price of legal services is determined, billed and collected and the way a law firm obtains, retains, and dismisses clients." Kegeles v. Bergman, Horowitz & Reynolds, P.C. , 1999 Conn. Super. LEXIS 3200, *7 (Levin, J., November 24, 1999) (Exhibit B) (citing Eriks v. Denver, 118 Wn.2d 451 (1992) as cited by Haynes, 243 Conn. at 35-36.)  Thus, a plaintiff must specifically plead the entrepreneurial aspects claimed to support a CUTPA claim involving conduct by an attorney.

In his proposed amended complaint, the plaintiff does not allege any entrepreneurial aspect of the practice of law in his CUTPA claim.  The plaintiff makes no allegation either in his Motion for Leave to amend or in his proposed amended complaint as to how the defendants "determined, billed and collected legal fees nor the defendants obtain, retain, and dismiss clients." Kegeles, *supra*.  Absent such allegations, the plaintiff cannot prevail on his CUTPA claim and he therefore has not set forth a set of facts or circumstances that would properly be the subject of relief. Continental Illinois National Bank and Trust Co. of Chicago, 889 at 1254.  The plaintiff has not made any allegations about the determination of legal services performed by the defendants, the billings for those services, the collection of fees or the retention or

9

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

dismissal of clients. The plaintiff's allegations do not relate to the entrepreneurial aspects of the practice of law and thus cannot form the basis of a CUTPA claim.

Rather than setting forth a valid CUTPA claim, the plaintiff makes other unsupported allegations and/or conclusions that still do not set forth a basis for relief. The plaintiff argues that the defendants "assertion of their frivolous and fraudulent defense that Stiller agreed with AMF not to perfect his security interest" is asserted in "bad faith in order to protect their own professional and proprietary self interests." (Plaintiff's motion, p. 3.) The plaintiff then concludes that the continued assertion of that defense is an "unfair business practice" that supports "a valid CUTPA claim against the defendants." (Id. at p. 4.) Quite clearly, these assertions and conclusions do not constitute conduct of an entrepreneurial nature. In an effort to save his claim the plaintiff cites Desarbo & Reichert, P.C. v. Cardow, 1996 Conn. Super. LEXIS 3227 (Conn. Super. 1996, Hodgson, J.) However, Desarbo does not save the plaintiff's efforts because it is not on point with the instant case.

Desarbo involved a claim where a law firm asserted a claim for fees against the defendant which is clearly an "entrepreneurial aspect[] of legal practice… related to: how the price of legal services is determined, billed and collected." Kegeles, *supra*. The court noted that "the filing of a lawsuit is not actionable under CUTPA unless the claim made… is 'baseless' or a 'sham'." Suburban Restoration Co., Inc. v. Acmat Corp., 700 F.2d 98 (2d Cir. 1983). A lawsuit is a sham or baseless when it "is not supported by the facts known to the party that files it but that is meant to impose

10

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

burdens on the party sued." Id. at 100.  The court found several allegations of the plaintiff's complaint that were not supported by the testimony advanced, including the testimony of the plaintiff.  Desarbo, 1996 Conn. Super. LEXIS 3227, *6 – 7.

In this case, unlike in Desarbo, the defendants have not initiated a lawsuit, the plaintiff has.  Additionally, unlike in Desarbo, this is not a claim concerning the collection or payment of legal fess.  Also, unlike in Desarbo, the defendants' factual defense is not baseless or a sham because Attorney Colangelo has testified at a deposition in support of that defense and if his testimony is credited by a jury then the plaintiff's claims will fail.  Furthermore unlike Desarbo, Attorney Colangelo, as acknowledged by the plaintiff, has testified that the plaintiff agreed not to record certain documents and therefore this is not a case where the defendants' defense is not supported by the testimony advanced.  As a result, Desarbo does not provide a set of facts and circumstances which set forth a basis for relief and the plaintiff should be denied leave to amend his complaint.

### D. The Plaintiff's Motion to Amend Is Nothing More Than An Effort To Extort A Settlement In His Favor.

In actuality the plaintiff's motion for leave is simply an effort to extort a settlement from the defendants.  (See Correspondence from plaintiff's counsel dated January 7, 2004 attached as Exhibit A.)  The correspondence from counsel flatly sets forth the plaintiff's position that he has chosen assert additional claims because the case has not settled and he will be subjected to further costs.  In fact, the plaintiff, through his

315 Post Road West
Westport, CT 06880

11
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

counsel, has even threatened further litigation upon the conclusion of this case[4]. It is quite clear that the plaintiff seeks to amend his complaint to include meritless claims simply because the instant litigation has not progressed in a manner so desired and the case has not settled.

As a result, the plaintiff seeks to amend his complaint now when he realizes that factual issues exist that will necessitate a trial. (Plaintiff's motion, p. 4 – 5.) The increasing cost of litigating to the plaintiff does not legally support an amendment to assert additional claims simply because the defendant has asserted factual and/or legal defenses to the plaintiff's claims. In essence, the plaintiff seeks to assert these claims against the defendants because they have defended the allegations of the plaintiff, asserted contravening facts and not caved to the plaintiff's lofty settlement demands. Such conduct and background circumstances should be seen for what they are, not an effort by the plaintiff to assert claims that set forth a viable cause of action, but rather an effort to extrapolate a settlement because the plaintiff does not wish to expend the necessary effort and expense to prove his case at trial like every litigant, including Attorney Colangelo, must do in the United States.

### III. CONCLUSION

For all of the foregoing reasons, the plaintiff's Request for Leave to File Amended Complaint should be denied.

---

[4] The plaintiff mistakenly asserts that the defendants remain unwilling to make a serious effort to reach settlement. This is patently untrue in that the defendants are willing and always have been willing to attend a settlement conference with Magistrate Judge Garfinkel and a settlement conference has been so scheduled. In fact the defendants have already attended a settlement conference before Magistrate Judge Garfinkel that was also attended by a claims examiner from the defendants' malpractice insurer who came from out-of-state.

12

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

THE DEFENDANTS:

By_____
Brett M. Szczesny of
HALLORAN & SAGE LLP
Fed. Bar #ct 19560
315 Post Road West
Westport, CT 06880
(203) 227-2855

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

HALLORAN
& SAGE LLP

## CERTIFICATION

      This is to certify that on this 3rd day of March, 2004, I hereby mailed a copy of the foregoing to:

Christopher J. Major, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

                                                                                        Brett M. Szczesny

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

EXHIBIT A



315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

515766.1(HSFP)

16

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195