# ROBINSON & COLE LLP

CHRISTOPHER J. MAJOR

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
cmajor@rc.com
Direct (203) 462-7554

Also admitted in New York

*Via Facsimile and First Class Mail*

January 7, 2004

Thomas O'Dea, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880
*Fax: (203) 227-6992*

Re:   **Richard Stiller v. Louis J. Colangelo, Esq., et al.
      (Civil Action No.: CV 3:02 CV 10 (SRU))**

Dear Tom:

      As it now appears that, notwithstanding Judge Underhill's indication that your client's summary judgment motion will likely be denied, your client remains unwilling to make a serious effort to reach settlement and this case will therefore continue for quite some time, we intend to seek leave to amend the Complaint to add a cause of action for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The CUTPA count will be based on Attorney Colangelo's continuing claim that, at the time of the sale of Rip Van Winkle Lanes in 1989, Mr. Stiller agreed with AMF that he would not file anything on the Norwalk land records to perfect his security interest in the lease to the bowling center. See Desarbo & Reichert, P.C. v. Cardow, 1996 Conn. Super. LEXIS 3227 (Conn. Super. Ct., J.D. of New Haven, Dec. 5, 1996) (Hodgson, J.) (permitting a CUTPA counterclaim against a law firm based on false statements it made in a fee collection action against a former client).

      We believe we can easily establish that Attorney Colangelo's claim is patently false and deceptive, and that he made it in his entrepreneurial capacity as a lawyer in order to (1) avoid liability from a malpractice claim, (2) protect his professional license to practice law, (3) keep his malpractice insurance coverage in tact, and (4) avoid increased malpractice premiums. In addition to the statutory damages and legal fees available under CUTPA, Mr. Colangelo's continuing claim has significantly increased Mr. Stiller's compensatory damages.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*   STAM1-749535-1

# ROBINSON & COLE LLP

January 7, 2004
Page 2

    Please advise us whether you will consent to our motion for leave to amend the Complaint, which we are confident will be granted especially in light of Judge Underhill's stated willingness to allow amendments to the pleadings as expressed at the pre-trial conference last year regarding your motion for leave to amend the defendants' Answer.

    Please be further advised that our client also intends to make a claim against Attorney Colangelo pursuant to Connecticut General Statutes § 52-568 for asserting a vexatious defense, upon the termination of this action in Mr. Stiller's favor. As you know, Section 52-568 provides for double damages against a defendant who interposes a defense without probable cause, and treble damages if the defendant does so maliciously.

    Finally, as Judge Underhill suggested during the December 10, 2003 hearing, please let us know of dates you and your clients are available for another settlement conference before Judge Garfinkel so that we can schedule the conference with his Chambers.

    We look forward to hearing from you regarding the above. Thank you.

Sincerely,

Christopher J. Major

cc: Richard Stiller
    Brian E. Moran, Esq.

CJM/ta