FILED

IN THE UNITED STATES DISTRICT COURT 2004 MAR 19  A II: 08
FOR THE DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

RICHARD STILLER,                      :      CIVIL ACTION NO.:
                                      :      CV 3:02 CV 10 (SRU)
            Plaintiff,                :
                                      :
      -against-                       :
                                      :
LOUIS J. COLANGELO and                :
MINTZ & COLANGELO,                    :
                                      :
            Defendants.               :      MARCH 18, 2004


### PLAINTIFF'S REPLY MEMORANDUM OF LAW
### TO DEFENDANTS' OBJECTION TO MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT


The plaintiff Richard Stiller ("Stiller"), pursuant to Federal Rule of Civil

Procedure 15(a) and Local Rule of Civil Procedure 7(d), submits this Reply

Memorandum of Law in response to Defendants' Objection to Stiller's Motion for Leave

to File his proposed First Amended Complaint.


As discussed below, Defendants' Objection fails to set forth adequate grounds to

overcome Federal Rule 15(a)'s liberal standard for the granting of amendments. This is

not the "rare case in which the amendment should be denied." Wells v. Harris, 185

F.R.D. 128, 131-132 (D. Conn. 1999) (quotations omitted).


STAM1-754212-1
**ORAL ARGUMENT REQUESTED**

I.    **Stiller Did Not Unduly Delay In Seeking Amendment.**

This malpractice action seeks damages caused by Defendants' undisputed failure to perfect Stiller's security interest in the lease to a bowling center that Stiller sold to AMF Bowling, Inc. ("AMF") in 1989. Stiller's two proposed new causes of action - - (1) violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and (2) breach of the implied covenant of good faith and fair dealing - - both arise out of Defendants' handling of this litigation since the filing of the Complaint. It necessarily follows that there has been no undue delay because Stiller could not have included these two causes of action in his original Complaint.

Specifically, Stiller's new claims arise out of Defendants' misrepresentations - - made both in pleadings and under oath at Attorney Colangelo's deposition - - that Stiller orally agreed with AMF that he would not perfect his security interest. In his proposed Amended Complaint, Stiller alleges Defendants invented this absurd story in furtherance of their entrepreneurial interests of avoiding disciplinary action by the Bar and the prospect of increased malpractice insurance premiums. Defendants' adherence to this fabricated post-hoc rationalization for their failure to perfect Stiller's security interest has prolonged the litigation, potentially saved them from summary judgment in Stiller's favor and needlessly increased Stiller's litigation costs.

In his summary judgment papers, Stiller demonstrated that Defendants' self-serving and unsupported defense is legally irrelevant as a consequence of the parol

evidence rule. However, the Court indicated at oral argument on December 10, 2003 that it did not believe the parol evidence rule applies in this case. As a result, Defendants' fabricated defense will likely prolong this litigation and continue to inflate Stiller's litigation expenses.

Upon the indication by the Court that it likely would deny the pending cross-motions for summary judgment, Stiller made attempts to negotiate a settlement of this action. Those efforts failed. As a consequence, Stiller sought leave to file the Amended Complaint in order to assert claims for the increased damages he is suffering as a result of Defendants' continued assertion of a baseless defense.

It is timely for Stiller to assert these claims in light of the Court's comments at oral argument. In fact, if he so chose, Stiller could have awaited the Court's ruling on the parties' pending cross-motions for summary judgment before seeking leave to amend. See United States v. Hudson, 152 F.R.D. 6, 8 (D. Conn. 1993) (amendment permitted where plaintiff's request for leave arose out of the court's partial denial of its motion for summary judgment).

Mere delay, by itself, is insufficient to warrant a denial of a request for leave to amend. See United States v. Continental Illinois National Bank and Trust Co. of Chicago, ("Continental Illinois"), 889 F.2d 1248, 1254 (2d Cir. 1989) (reversing trial court's denial of leave). "Indeed, an amendment may be permitted at any point during

the course of the litigation." <u>Concerned Citizens of Belle Haven v. The Belle Haven</u> <u>Club</u>, 2002 U.S. Dist. LEXIS 26117 (D. Conn. 2002) (noting that "[t]he Second Circuit has made it clear that delay, without more, cannot be the basis to deny an amendment and has routinely excused delays of more than two years").

Thus, even if Defendants could establish delay - - which they cannot in light of the fact that Stiller's proposed causes of action are warranted by the Court's apparent rejection of Stiller's parol evidence argument - - such a delay would not suffice to deny leave.

## II.     <u>Defendants Will Not Be Unduly Prejudiced By the Amendment.</u>

No trial date has been set in this action.  More importantly, the amendment is not based on "a new set of operative facts, and are not in any way unreasonable." <u>Team</u> <u>Management, Inc. v. Filmline Technologies, Inc.</u>, 1994 U.S. Dist. LEXIS 3255, *4 (D. Conn. 1994) (permitting amendment to add request for attorney's fees and damages). Rather, as Defendants concede in their Objection at 4, the facts underlying Stiller's new causes of action -- namely Defendants' false representations in this case - - have already been exhaustively dissected during discovery. "The Second Circuit Court of Appeals has applied the <u>Foman</u> rule[1] where the amended claim was obviously one of the objects of discovery and related closely to the original claim." <u>Wells</u>, 185 F.R.D. at 131 (emphasis

---

[1] The "Foman rule" is derived from the Supreme Court's decision in <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), where the court dictated the liberal standard with which trial courts should permit amendments.

added) (citing Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). The parties have engaged in extensive discovery specifically concerning Defendants' claim that Stiller orally agreed with AMF not to perfect his security interest. The remaining allegations in the amendment are legal in nature. Thus, contrary to Defendant's bald conclusory assertion, the proposed amendment will not require any additional discovery, let alone substantial further discovery.

"In any event, the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." Continental Illinois, 889 F.2d at 1255. Therefore, Defendants' vague and unsupported claim that it will be required to engage in significant additional discovery does not preclude plaintiff's proposed amendment.

Defendants' reliance on Ansam Associates, Inc. v. Cola Petroleum, LTD., 760 F.2d 442 (2d Cir. 1985), is misplaced. In that case, the Second Circuit found that the trial court did not abuse its discretion in denying an amendment that the plaintiff only proposed in response to defendant's filing of a motion for summary judgment. Id. at 446. Unlike Ansam, this is not a case where a plaintiff has filed a last minute amendment in the hope of avoiding summary judgment. Rather, Stiller's new claims have no bearing on Defendant's pending motion for summary judgment based on a statute of limitations defense. Defendants added such defense, upon leave of the Court and without objection from Stiller, more than eight months after Defendants first answered the Complaint.

Notwithstanding the liberality with which Defendants were permitted leave to amend

their own pleading in this action, the Defendants seek to deny the same courtesy to

Stiller.

Stiller has not engaged in dilatory conduct or unreasonable delay. By contrast, the

plaintiff in Ansam sought leave to add claims that its prior counsel failed to uncover

because it had neglected to conduct substantive discovery. Id. In this case, Stiller seeks

to add claims based on the continuing litigation conduct of Defendants that now exposes

plaintiff to greater litigation expenses by virtue of the Court's indication that it will deny

plaintiff's cross-motion for summary judgment. As discussed above, this is a proper use

of Federal Rule 15 (a). See United States v. Hudson, 152 F.R.D. at 8. While the

proposed new claim in Ansam arose out of an entirely new set of facts, Stiller's new

claims have already been subjected to exhaustive discovery, as Defendant's concede. See

Defendant's Objection at 4 and Ansam, 760 F.2d at 446.

### III.    Stiller Has Stated Viable Causes of Action in His Proposed Amended Complaint.

In his proposed Amended Complaint, Stiller has plead viable causes of action

under CUTPA and for a breach of the implied covenant of good faith and fair dealing.

"While futility of amendment may be one ground upon which [denial of] a motion for

leave to amend may be based, this basis generally has been narrowly construed in the

Second Circuit." Ferber v. Travelers Corp., 785 F. Supp. 1101, 1112 (D. Conn. 1992)

(granting leave to amend complaint after dismissal). Stiller's proposed new causes of action are not futile. Therefore, Stiller easily meets the relaxed standard which the Court must apply in determining whether to permit the requested amendment.

In their Objection, Defendants appear to be challenging the merits of Stiller's proposed new claims. Defendant's Objection, at 5-11. However, Defendants do not expressly contend that Stiller's proposed claims are futile.

With respect to the implied covenant claim, Stiller has adequately plead that he has been deprived of the benefits of his contract with Defendants as a result of Defendants' bad faith assertion of a fabricated defense in furtherance of their own economic self-interests. See PSE Consulting, Inc. v. Frank Mercede & Sons, Inc., 267 Conn. 279, 318 (2004) (party breaches the implied covenant of good faith and fair dealing when it acts in bad faith and in its own self-interest so as to deprive the other party of its benefits under the contract).

In an effort to contest Stiller's proposed amendment, Defendants claim that Defendants' malpractice insurance is not part of the contract they entered into with Stiller. This argument lacks merit because attorneys are reasonably expected to carry malpractice insurance. In fact, in this case, Defendants are covered and their defense is being funded by their malpractice insurer.

With respect to Stiller's CUTPA claim, Defendants' continued assertion of a baseless defense and Colangelo's false testimony in furtherance of Defendants' own professional and proprietary self-interests constitutes an unfair business practice. Thus, Stiller has a valid CUTPA claim against Defendants. See Park v. Kramer, 2004 Conn. Super. LEXIS 181, *4-5 (Conn. Super. Ct., J.D. of New Haven, Jan. 27, 2004) (post-representation collection conduct by attorney can give rise to CUTPA claim); Desarbo & Reichert, P.C. v. Cardow, 1996 Conn. Super. LEXIS 3227 (Conn. Super. Ct., J.D. of New Haven, Dec. 5, 1996) (Hodgson, J.) (permitting CUTPA counterclaim against a law firm based on misstatements it made in a fee collection action against a former client).

Defendants' assertion that Stiller's CUTPA claim does not arise out of Defendants' entrepreneurial activities as attorneys cannot be grounds for denying leave because Defendant's claim is belied by Stiller's factual allegations. As Stiller has alleged in detail in paragraphs 28 through 29 of the proposed Amended Complaint, Defendants have asserted a fraudulent defense in furtherance of their economic and entrepreneurial self-interests, namely to (1) avoid disciplinary action from the Bar, (2) to retain the ability to obtain malpractice insurance coverage, and (3) avoid paying increased premiums.

Furthermore, Defendants' attempted distinction of Desarbo is a red herring. The central holding of Desarbo is that a CUTPA claim is properly asserted against an attorney, where, as here, the former client alleges that the attorney made misrepresentations in the course of post-representation litigation against a client. That

8

Defendants did not initiate this lawsuit is entirely beside the point. What is relevant is that Defendants, just like the attorneys in <u>Desarbo</u>, continue to make material misrepresentations to further their own entrepreneurial interests in the course of litigation against a former client. Those misrepresentations give rise to a viable CUTPA claim in this case.

Finally, Defendants' assertion that their defense has not be advanced in bad faith or is supported by the evidence is unfounded. Of all the people present during the closing in 1989, including Alvaro Garcia-Tunon, who has no interest in the outcome of this case, only Attorney Colangelo has testified that Stiller orally agreed not to perfect his security interest, notwithstanding the express written terms of the parties' contract and the existence of an express integration clause. Clearly, Attorney Colangelo's incredulous and self-serving testimony cannot render Stiller's CUTPA claim futile. Even if it were credible, Colangelo's assertion would still be insufficient to establish that Stiller's proposed claims are futile because that constitutes a factual issue for the jury to decide.

## CONCLUSION

For each of the foregoing reasons, Stiller respectfully requests that the Court overrule Defendants' Objection and grant Stiller leave to file his proposed First Amended Complaint.

**PLAINTIFF**
**RICHARD STILLER**

By:_____

Brian E. Moran, Esq. (CT 05058)
Christopher J. Major, Esq. (CT 23461)
**ROBINSON & COLE LLP**
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305
(203) 462-7500
bmoran@rc.com
cmajor@rc.com

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent by U.S. Mail Delivery,

postage-prepaid, to Thomas P. O'Dea, Jr. of Halloran & Sage LLP, 315 Post Road West,

Westport, CT 06880 this 18th day of March, 2004.

_____
Christopher J. Major