UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STILLER | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 0010 (SRU) |
| | : | |
| COLANGELO, ET AL. | : | |

RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff Richard Stiller ("Stiller") moves for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Stiller's initial complaint of January 2, 2002, alleged professional negligence, breach of fiduciary duty, and breach of contract in connection with the sale of a Norwalk, Connecticut bowling facility, AMF Bowling, Inc. ("AMF"). Stiller alleged that defendants Louis J. Colangelo and the law firm of Mintz & Colangelo (collectively "Colangelo"), having failed to perfect Stiller's security interest under the terms of the transaction, caused Stiller to suffer financial damage following AMF's bankruptcy. Stiller incurred these damages after the United States Bankruptcy Court for the Eastern District of Virginia determined that Stiller was an unsecured party. Colangelo filed an answer to the present complaint on March 1, 2002, claiming Stiller had agreed to waive the recording of documents on the land records, making him an unsecured party.

Stiller now moves to amend his original claim, asserting two additional causes of action: breach of the implied covenant of good faith and fair dealing and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110g ("CUTPA"). These additional claims stem from Colangelo's "continued assertion of [the] frivolous and fraudulent defense that Stiller agreed with AMF not to perfect his security interest." (Plaintiff's Motion for Leave to File Amended Complaint and Memorandum in Support Thereof at ¶ 6.) For the reasons stated below,

Stiller's motion for leave to amend is DENIED.

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." See 3 James Wm. Moore, et al., Moore's Federal Practice ¶ 15.14 (3d ed. 2000). Once an opposing party files a responsive pleading, leave to amend must be sought through the district court. Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). The district court, in its discretion, should freely grant leave to amend, and may not deny leave to amend absent good cause. Foman v. Davis, 371 U.S. 178, 182 (1962). Legitimate grounds to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id.

Stiller seeks to assert new claims based on additional facts and new legal theories. These supplemental claims arise not out of Colangelo's handling of the AMF sales contract but, as Stiller notes, "out of Defendants' handing of this litigation since the filing of the Complaint." (Plaintiff's Reply Memorandum of Law at 2.) In the present case, one pending for two years, discovery has been completed and Colangelo has filed for summary judgment. The Second Circuit has held that after discovery has been completed and the defendant has filed a motion for summary judgment, allowing a party to amend his pleading can be prejudicial. Ansam Associates v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985). Stiller's proposed amended complaint adds claims different in character and purpose from those articulated in the initial complaint. It alleges new facts that will require additional discovery, prompting both prejudice to Colangelo and undue delay in the resolution of the case.

Furthermore, if the court finds that "the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may well be

denied." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 626-28 (2d ed. 1990). See United States v. Eight Tracts of Land in Town of Brookhaven, County of Suffolk, New York, 270 F. Supp. 160, 164 (E.D.N.Y. 1967). Stiller's supplemental claims are based on Colangelo's behavior during this litigation, and are thus sufficiently remote from the initial complaint to justify denying the motion to amend. The jury is likely to be confused when asked to consider both Colangelo's behavior as Stiller's legal representative and his behavior as Stiller's legal adversary. Moreover, exposing the jury to allegations of wrongful conduct during the course of this litigation could easily prejudice the jury against Colangelo.

In his objection to Stiller's motion to amend, Colangelo sets forth a number of substantive arguments concerning the validity of the additional claims. Some courts in this circuit have held that the merits of additional claims should not be considered for purposes of a Rule 15 motion. Key Pharmaceuticals, Inc. v. Hans Lowey, 54 F.R.D. 447, 449 (S.D.N.Y. 1972) ("Absent a claim or defense that is frivolous or patently insufficient, its substantive merits or lack thereof are not considered in a motion for leave to amend."). If a claim is clearly frivolous or futile, however, leave to amend should be denied. 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 637-43 (2d ed. 1990).

Colangelo's arguments on the relative merits of both the breach of the implied covenant of good faith and fair dealing and the CUTPA claims appear to have merit, adding futility to the list of possible reasons for which leave to amend should be denied. Nevertheless, because permitting Stiller's amendment will likely result in prejudice, delay and jury confusion, the merits of the additional claims need not be addressed at this time. Nothing in this ruling, however, prevents Stiller from bringing his new claims in a separate lawsuit, should he wish to do so.

CONCLUSION

For the reasons stated above, Stiller's motion to amend is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of May 2004.

                                                /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge